# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ALEXIS ROSITANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | |
| **v.** | ) | **NO. 3:20-cv-00420** |
| | ) | |
| | ) | **JUDGE CRENSHAW** |
| **FREIGHTWISE, LLC, and RICHARD HOEHN,** | ) | |
| **Individually,** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **Defendants.** | ) | **HOLMES** |

## ANSWER OF DEFENDANT RICHARD HOEHN

Defendant Richard Hoehn ("Defendant Hoehn"), by and through undersigned counsel, does hereby file this Answer to the Second Amended Complaint. (DE 31). All allegations not specifically admitted or otherwise responded to herein by Defendant Hoehn are denied.

### GENERAL DENIAL

Defendant Hoehn objects to the allegations appearing in the Plaintiff's Second Amended Complaint to the extent they state legal conclusions, express editorial comments and/or to the form of the pleadings in that they make certain implications beyond the factual assertions alleged. Such implications, whether apparent or unapparent, are expressly and unequivocally denied and Defendant Hoehn demands strict proof thereof.

Except as otherwise expressly stated herein, Defendant Hoehn denies each and every allegation in the Second Amended Complaint, including, without limitation, any allegation contained in the Complaint's preamble, headings, subheadings, or footnotes, and deny any liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the

{FB392194 /  TML 5136 }

1

Complaint to which no responsive pleading is required shall be deemed denied. Defendant Hoehn expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## PARTIES

1. Admitted upon information and belief.

2. It is admitted that Defendant FreightWise, LLC is located at 214 Centerview Drive, Suite 350, Brentwood, TN 37027.

3. See Answer No. 2.

4. Admitted.

5. Denied.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

8. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and demands strict proof.

## FACTS 1

9. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

10. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10, and demands strict proof.

---

1 The headings used in this Answer for Defendant Hoehn mirror and track the same set of headings used in the Complaint for purposes of continuity and reference only. These parallel headings (and subheadings) should not be construed as any admission as to either fact or law as alleged in the Complaint.

{FB392194 /  TML 5136 }

2

11. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, and demands strict proof.

12. Denied.

13. Denied as phrased.

14. Defendant Hoehn denies as phrased the allegation "escalation in harassment." Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 14, and demands strict proof.

15. Denied as phrased.

16. Denied.

### A. Hiring and Initial Issues.

17. Defendant Hoehn admits upon information and belief the Plaintiff is approximately 32 years old. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17, and demands strict proof.

18. Admitted.

19. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

20. Admitted.

21. Denied.

22. Denied.

23. It is admitted that Plaintiff met Defendant Hoehn's wife and children at a company Christmas party in 2018.

24. This allegation is directed at Defendant FreightWise and does not require a response

{FB392194 / TML 5136 }

3

from Defendant Hoehn.

25. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

26. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

27. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

28. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

29. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

30. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

31. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

32. It is admitted that Larry Sowards was a department head at FreightWise and over Plaintiff in terms of supervision. It is further admitted that Defendant Hoehn was supervisor of both Sowards and Plaintiff.

33. Denied as phrased, since FreightWise hired Larry Sowards to take over the job duties for Alisa Serebryanaya.

34. Denied as phrased.

35. Denied as phrased.

36. Denied.

37. Denied as phrased.

38. Denied.

39. Denied as phrased.

40. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40, and demands strict proof.

41. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, and demands strict proof.

42. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42, and demands strict proof.

43. Admitted.

44. Denied.

45. Denied as phrased.

46. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and demands strict proof.

47. Denied as phrased.

48. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48, and demands strict proof.

49. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49, and demands strict proof.

50. It is admitted the company, not Defendant Hoehn solely, utilized a social gathering at work referred to as "FreightWise Fun Fridays" for all of its employees. The remaining

allegations in Paragraph 50 are denied as phrased.

51. Denied.

52. Denied.

53. Denied as phrased.

54. Denied as phrased.

55. The first sentence of Paragraph 55 is admitted. The remaining allegations are denied.

56. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 56, and demands strict proof.

57. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 57, and demands strict proof. The allegations contained in the second sentence are denied.

58. Admitted.

59. Admitted.

60. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61. Exhibit 2, page 1 speaks for itself and does not require a response from Defendant Hoehn.

62. It is admitted that Defendant Hoehn gave Plaintiff a tour of some empty office space in the building that FreightWise was located in, just like he did for other employees of the company.

63. Denied.

64. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the

allegations in Paragraph 64, and demands strict proof.

65. Denied as phrased.

66. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

67. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

68. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 68, and demands strict proof. Defendant Hoehn denies as phrased the second sentence of Paragraph 68.

69. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

70. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

71. Denied as phrased.

72. Denied as phrased since Defendant Hoehn drove himself to JJ's Wine bar that evening.

73. Defendant Hoehn admits he sat at a table at Gray's on Main in Franklin with Plaintiff, Larry Sowards and Evelyn Serebryanaya.

74. Denied as phrased.

75. Denied.

76. Denied.

77. Denied.

78. Denied as phrased. In addition, Defendant Hoehn lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph.

79. Admitted.

80. Defendant Hoehn admits he and Plaintiff kissed in the stairwell of the building at FreightWise. Defendant Hoehn further admits that this lasted approximately 2 or 3 minutes, and that Plaintiff voluntarily exposed her breast to him during the incident. Exhibit 1, page 14 speaks for itself and does not require a response from Defendant Hoehn.

81. Defendant Hoehn denies that he engaged in "sexual harassment" or "physical harassment" of the Plaintiff as alleged in the first sentence of Paragraph 81. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 81, and demands strict proof.

82. It is admitted that Defendant Hoehn and Plaintiff exchanged a text message on or about May 7, 2019. Exhibit 1, page 1 speaks for itself and does not require a response from Defendant Hoehn.

83. Denied as phrased.

84. Denied as phrased.

85. Defendant Hoehn denies as phrased the allegations contained in Paragraph 85. Exhibit 1, page 1 speaks for itself and does not require a response from Defendant Hoehn.

86. Defendant Hoehn admits the text message exchange with Plaintiff as alleged in Paragraph 86, and that Exhibit 1, page 1 speaks for itself.

87. Defendant Hoehn admits the text message exchange with Plaintiff as alleged in Paragraph 87, and that Exhibit 1, page 1 speaks for itself.

88. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 88, and demands strict proof.

89. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 89, and demands strict proof.

90. Defendant Hoehn admits the text message exchange with Plaintiff on or about May 8, 2019 as alleged in Paragraph 90, and that Exhibit 1, page 2 speaks for itself. Defendant Hoehn denies any remaining allegations in Paragraph 90.

91. Denied as phrased.

92. Defendant Hoehn admits the text message exchange with Plaintiff as alleged in Paragraph 92, and that Exhibit 1, page 2 speaks for itself.

93. Denied as phrased.

94. Defendant Hoehn admits the text message exchange with Plaintiff as alleged in Paragraph 94, and that Exhibit 1, page 3 speaks for itself.

95. This allegation is directed at Defendant FreightWise and does not require a response from Defendant Hoehn.

96. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 96, and demands strict proof.

97. Denied as phrased. In addition, Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

98. Defendant Hoehn admits that he loaned Plaintiff approximately $297 for gas and other personal necessities Plaintiff said that she needed. Any remaining allegations contained in Paragraph 98 are denied.

99. Denied as phrased.

100.    Denied as phrased.

101.    Defendant Hoehn admits the text message exchange with Plaintiff as alleged in Paragraph 101, and that Exhibit 1, page 3 speaks for itself.

102.    Defendant Hoehn admits the text message exchange with Plaintiff as alleged in Paragraph 102, and that Exhibit 1, page 3 speaks for itself.

103.    Defendant Hoehn admits the text message exchange with Plaintiff as alleged in Paragraph 103, and that Exhibit 1, page 3 speaks for itself.

104.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 104, and demands strict proof.

105.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 105, and demands strict proof.

106.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 106, and demands strict proof.

107.    Denied.

**B.  Acts Directly Preceding Rape of Rositano.**

108.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 108, and demands strict proof.

109.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 109, and demands strict proof. Defendant Hoehn denies the remaining allegations in Paragraph 109.

110.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to

the allegations in Paragraph 110, and demands strict proof.

111.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 111, and demands strict proof. Defendant Hoehn admits that Plaintiff was missing time from work and arriving late as reflected in company time records as alleged in the second sentence of Paragraph 111. Defendant Hoehn denies telling Plaintiff "she was skating on thin ice." Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 111.

112.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 112, and demands strict proof.

113.    Denied.

114.    Denied.

115.    Defendant Hoehn denies the allegation as to "statements questioning her ongoing employment with Freight Wise" as alleged in Paragraph 115. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 115, and demands strict proof. Exhibit 1, pages 4-5 speaks for itself.

116.    Defendant Hoehn admits Plaintiff texted him a photo of herself on or about May 10, 2019 as alleged in Paragraph 116, and that Exhibit 1, page 4 simply speaks for itself. The remaining allegations in Paragraph 116 are denied as phrased.

117.    Defendant Hoehn admits that he was at the doctor's office with his daughter getting her cast off as alleged in Paragraph 117. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 117,

and demands strict proof.

118.     Defendant Hoehn denies that he "pursue[d] her sexually" as alleged in Paragraph 118. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 118, and demands strict proof.

119.     Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 119, and demands strict proof. The text message listed as Ex. 1, p. 4 speaks for itself and does not require a response from Defendant Hoehn.

120.     Admitted.

121.     Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in three sentences in Paragraph 121, and demands strict proof.

122.     Defendant Hoehn admits that he had a phone conversation or sent a text message to Larry Sowards as alleged in Paragraph 122. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 122, and demands strict proof.

123.     Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 123, and demands strict proof.

124.     Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 124, and demands strict proof.

125.     Defendant Hoehn denies that any office relocation was designed to "give [him] more private access to [plaintiff]" as alleged in Paragraph 125. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 125, and demands strict proof.

126. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 126, and demands strict proof. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 126, Exhibit 1, page 5 speaks for itself, and Defendant Hoehn demands strict proof.

127. Defendant Hoehn admits that he was aware Plaintiff smoked marijuana, but denies as phrased of "having knowledge of Rositano's substance abuse issues" as alleged in Paragraph 127. Defendant admits the content of the text messages on or about May 11, 2019. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 127, and demands strict proof.

128. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 128, and demands strict proof.

129. Admitted.

130. Admitted.

131. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 131, and demands strict proof. Defendant Hoehn admits the content of the text message alleged in the second sentence of Paragraph 131.

132. Admitted.

133. Defendant Hoehn admits that Plaintiff missed time from work and was tardy while employed at FreightWise. Defendant Hoehn denies that he "was well aware of Rositano's substance abuse problems and her request to take time off to allow her to

get off of Xanax" as alleged in Paragraph 133.

134.    Denied as phrased.

135.    Defendant Hoehn denies the allegation that he "sexually assault[ed] her in a hallway" as alleged in Paragraph 135. Defendant Hoehn admits the content of the text messages alleged in Paragraph 135. Exhibit 1, pages 6-7 speaks for itself.

136.    Defendant Hoehn admits Plaintiff sent him a text message showing her bank account balance of $3.42 as alleged in Paragraph 136. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 136, and demands strict proof.

137.    Defendant Hoehn admits Plaintiff requested that he send her money through an app referred to as "Venmo" as alleged in Paragraph 137. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 137, and demands strict proof.

138.    Admitted.

139.    Defendant Hoehn admits he sent Plaintiff $300 through Venmo for gas. Any allegation to the contrary is denied.

140.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 140, and demands strict proof.

141.    Defendant Hoehn admits the allegations in the first sentence of Paragraph 141. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in second and third sentences of Paragraph 141, and demands strict proof.

142.    Defendant Hoehn admits the content of the quoted text messages alleged in

Case 3:20-cv-00420    Document 33    Filed 07/31/20    Page 14 of 47 PageID #: 837

Paragraph 142, but denies the context of the messages as alleged in Paragraph 142.

143.    Defendant Hoehn denies "knowing of her issues with substance abuse" as alleged in Paragraph 143. Defendant Hoehn admits the content of the quoted text messages alleged in Paragraph 143.

144.    Defendant admits the content of the text messages quoted in Paragraph 144. The remaining allegations are denied.

145.    Denied as phrased.

146.    Admitted.

147.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 147, and demands strict proof.

148.    Denied as phrased.

149.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 149, and demands strict proof.

150.    Defendant Hoehn admits Plaintiff texted him a photo of herself as alleged in Paragraph 150. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 150, and demands strict proof.

151.    Defendant Hoehn admits the content of the text message as alleged in the first sentence of Paragraph 151. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 151, and demands strict proof.

152.    Defendant Hoehn admits the content of the text messages exchanged with Plaintiff as alleged in Paragraph 152. The remaining allegations in Paragraph 152 are denied.

153. Defendant Hoehn admits the content of the text messages exchanged with Plaintiff as alleged in Paragraph 153. The remaining allegations in Paragraph 153 are denied.

154. Defendant Hoehn admits the content of the text message from Plaintiff as alleged in Paragraph 154. The remaining allegations in Paragraph 154 are denied.

155. Defendant Hoehn admits the content of the text message to Plaintiff as alleged in Paragraph 155. The remaining allegations in Paragraph 155 are denied as phrased.

156. Defendant Hoehn admits the content of the text message to Plaintiff as alleged in Paragraph 156. The remaining allegations in Paragraph 156 are denied as phrased.

157. Denied as phrased.

158. Denied as phrased.

159. Denied as phrased.

160. Defendant Hoehn admits the content of the text messages exchanged with Plaintiff as alleged in Paragraph 160. Defendant Hoehn denies "knowing of Rositano's issues with substance abuse" as alleged in Paragraph 160.

161. Admitted.

162. Defendant Hoehn admits the content of the text message from Plaintiff as alleged in Paragraph 162. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 162, and demands strict proof.

163. Defendant Hoehn admits the content of the text message to Plaintiff as alleged in Paragraph 163. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 163, and demands strict proof.

164. Defendant Hoehn admits the content of the text message to Plaintiff as alleged in

Paragraph 164. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 164, and demands strict proof.

165.    Defendant Hoehn admits the content of the text message to Plaintiff as alleged in Paragraph 165. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 165, and demands strict proof.

166.    Denied as phrased.

167.    Defendant Hoehn admits the content of the text messages to Plaintiff as alleged in Paragraph 167. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 167, and demands strict proof.

168.    Admitted.

169.    Admitted.

170.    Admitted.

171.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 171, and demands strict proof.

172.    Defendant Hoehn admits the first sentence of Paragraph 172. The remaining allegations in Paragraph 172 are denied.

173.    Defendant Hoehn admits Plaintiff sent him a text message about being struck by a school bus as alleged in Paragraph 173. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 173, and demands strict proof.

174.    Defendant Hoehn admits the content of the text messages to Plaintiff as alleged in Paragraph 174. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 174, and demands strict proof.

175.  Denied as phrased.

176.  Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 176, and demands strict proof.

177.  Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 177, and demands strict proof.

178.  Admitted.

179.  Defendant Hoehn admits the content of the text messages to Plaintiff as alleged in Paragraph 179. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 179, and demands strict proof.

180.  Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 180, and demands strict proof.

181.  Admitted.

182.  Defendant Hoehn admits the content of the text messages from Plaintiff as alleged in Paragraph 182. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 182, and demands strict proof.

183.  Defendant Hoehn admits the content of the text messages to Plaintiff as alleged in Paragraph 183. The remaining allegations in Paragraph 183 are denied as phrased.

184.  Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 184, and demands strict proof.

185.  Admitted.

186.  Admitted.

187.  Defendant Hoehn admits the content of the text messages from Plaintiff as alleged

in Paragraph 187. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 187, and demands strict proof.

188.    Denied as phrased.

189.    Denied as phrased.

### C. The Rape.

190.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 190, and demands strict proof.

191.    Defendant Hoehn admits that he and Plaintiff went to the Honeysuckle restaurant after work on or about May 21, 2019. Defendant Hoehn further admits that he and Plaintiff had food and alcoholic beverages while at the Honeysuckle restaurant. Defendant Hoehn further admits that he spoke to Plaintiff about adding more job duties to her work at FreightWise. Any allegations in Paragraph 191 to the contrary are denied.

192.    Defendant Hoehn denies as phrased the allegations contained in the first sentence of Paragraph 192. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 192, and demands strict proof.

193.    Denied.

194.    Defendant Hoehn denies as phrased the first and second sentences of Paragraph 194. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence in Paragraph 194, and demands strict proof. Defendant Hoehn denies that he "became intoxicated" at the Honeysuckle restaurant as alleged in the fourth sentence of Paragraph 194. Defendant Hoehn admits that he

and the Plaintiff discussed adding more job duties to her work at FreightWise. Any allegations in Paragraph 194 to the contrary are denied.

195.    Denied.

196.    Defendant Hoehn denies that he "was intoxicated" or "became intoxicated" while at the Tin Roof restaurant as alleged in the first sentence of Paragraph 196. The remaining allegations in the first and second sentences of Paragraph 196 are denied as phrased.

197.    Denied.

198.    Denied.

199.    Defendant Hoehn denies the allegations in the first sentence of Paragraph 199. Defendant Hoehn denies as phrased the allegations contained in the second sentence of Paragraph 199.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Defendant Hoehn denies as phrased the allegations in the first sentence of Paragraph 207. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 207, and demands strict proof.

{FB392194 / TML 5136 }

20

208. Denied.

209. Denied.

210. Defendant Hoehn admits that he and Plaintiff engaged in consensual sexual intercourse in the backseat of her vehicle in the rear parking lot of the Tin Roof restaurant in Cool Springs on or about May 21, 2019. Any allegation to the contrary in Paragraph 210, or in any other paragraph of the Complaint, is specifically denied.

211. Admitted.

212. Defendant Hoehn admits that he and Plaintiff engaged in consensual sexual intercourse in the backseat of her vehicle in the rear parking lot of the Tin Roof restaurant in Cool Springs on or about May 21, 2019. Defendant Hoehn specifically denies that he "rape[d]" Plaintiff as alleged in the first sentence of Paragraph 212 of the Complaint. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 212, and demands strict proof.

213. Defendant Hoehn admits that he sent Plaintiff a text message at approximately 12:25 a.m. on May 22, 2019. Defendant Hoehn further admits that he and Plaintiff engaged in consensual sexual intercourse in the backseat of her vehicle in the rear parking lot of the Tin Roof restaurant in Cool Springs on or about May 21, 2019. Defendant Hoehn specifically denies that he "rape[d]" Plaintiff as alleged in the third sentence of Paragraph 210 of the Complaint. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 213, and demands strict proof.

### D. The Aftermath.

{FB392194 /  TML 5136 }

214.   Defendant Hoehn denies that he caused or contributed to any "traumatic events" for the Plaintiff as alleged in Paragraph 214. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 214, and demands strict proof.

215.   Denied as phrased.

216.   Defendant Hoehn admits that he sent a text message to Plaintiff on or about May 22, 2019 at 6:12 p.m. Defendant Hoehn denies that committed "sexual battery" of the Plaintiff as alleged in the third sentence of Paragraph 216. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 216.

217.   Defendant Hoehn admits that he texted a photo of an alcoholic beverage to Plaintiff at approximately 9:26 p.m. on or about May 23, 2019. The remaining allegations in Paragraph 217 are denied as phrased.

218.   Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 218, and demands strict proof. Defendant Hoehn denies the allegations contained in the second sentence of Paragraph 218.

219.   Admitted.

220.   Defendant Hoehn generally denies as phrased the allegations in this paragraph. Defendant Hoehn admits that he inquired of Plaintiff by text message why she was late to work "after a long weekend" which was in fact the Memorial Day weekend as alleged in the first sentence of Paragraph 220. Defendant Hoehn further states that Exhibit 1, page 28 speaks for itself.

221. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and demands strict proof.

222. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222, and demands strict proof. The test message listed as Ex. 1. p. 29 speaks for itself and does not require a response.

223. Defendant Hoehn admits the content of the text messages as referenced in Paragraph 223, and that Exhibit 1, page 30 speaks for itself. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of whether "Rositano ignored [him]" as alleged in Paragraph 223, and demands strict proof.

224. Admitted.

225. Defendant Hoehn admits the content of the text messages as referenced in Paragraph 225, and that Exhibit 1, page 31 speaks for itself. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 225.

226. Denied.

227. Denied as phrased.

228. Admitted.

229. Admitted.

230. Defendant Hoehn admits that he returned to FreightWise to retrieve his laptop computer when he found the door to the building unlocked. Defendant Hoehn denies as phrased the remaining allegations contained in Paragraph 230.

231. Denied.

232. Denied as phrased.

233. Defendant Hoehn admits that he sent a text message to Plaintiff on June 10, 2019 which stated, "I'm here at the bar." Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 233, and demands strict proof.

234. Denied as phrased.

235. Defendant Hoehn admits the first sentence contained in Paragraph 235. Defendant denies the remaining allegations in Paragraph 235.

236. Defendant Hoehn denies as phrased the first sentence of Paragraph 236. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 236, and demands strict proof.

237. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and demands strict proof.

238. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and demands strict proof.

239. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and demands strict proof.

240. Defendant Hoehn denies the first sentence contained in Paragraph 240, since he was out of town on that particular day. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 240, and demands strict proof.

241. Denied as phrased.

242. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 242, and demands strict proof.

243. Defendant Hoehn admits he texted a photo of a grill which included a glass of wine as alleged in the first and second sentences of Paragraph 243. Defendant Hoehn denies as phrased the remaining allegations contained in Paragraph 243.

244. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and demands strict proof.

245. Admitted.

246. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and demands strict proof.

247. Admitted.

248. Defendant Hoehn admits the substance and content of the text messages as alleged in Paragraph 248. Defendant Hoehn denies knowledge of Plaintiff's "substance abuse" as alleged in Paragraph 248.

249. Defendant Hoehn admits that he and Plaintiff exchanged text messages on June 17, 2019 as alleged in Paragraph 249. Defendant Hoehn further admits that Plaintiff told him she had acid reflux which required her to take medication. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 249, and demands strict proof.

250. Admitted.

251. Admitted.

252. Admitted.

253. Defendant Hoehn admits that he and Plaintiff exchanged text messages on June 19,

{FB392194 /  TML 5136 }

25

2019 as alleged in Paragraph 253. Defendant Hoehn generally denies the remaining allegations in Paragraph 253, and demands strict proof.

254.    Defendant Hoehn denies as phrased the characterization of the text messages alleged in the first and second sentences of Paragraph 254. Defendant Hoehn denies the remaining allegations in Paragraph 254.

255.    Denied as phrased.

256.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and demands strict proof.

257.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257, and demands strict proof.

258.    Defendant Hoehn admits the content of text message contained in Paragraph 258.

259.    Denied as phrased.

260.    Denied as phrased.

261.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and demands strict proof.

262.    Denied as phrased.

263.    Denied as phrased.

264.    Denied as phrased.

265.    Admitted.

266.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266, and demands strict proof.

267.    Defendant Hoehn admits he texted Plaintiff inquiring about her coming to work as

alleged in the first sentence of Paragraph 267. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 267, and demands strict proof.

268. Admitted.

269. Denied as phrased.

270. Denied as phrased.

271. Admitted.

272. Admitted.

273. Admitted.

274. Defendant Hoehn admits he went to the Tin Roof restaurant on or about June 25, 2019, and further admits he sent a text message to Plaintiff as alleged in Paragraph 274. Defendant Hoehn denies the remaining allegations in Paragraph 274.

275. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275, and demands strict proof.

276. Defendant Hoehn denies the allegations in the first sentence of Paragraph 276. Defendant Hoehn further admits Plaintiff sent him a text message at approximately 6:22 p.m. as alleged in Paragraph 276. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 276, and demands strict proof.

277. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277, and demands strict proof.

278. Defendant Hoehn admits that Plaintiff was again late for work on Friday, June 28,

2019. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 278, and demands strict proof.

279.    Defendant Hoehn admits that Plaintiff was late for work as alleged in Paragraph 279. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 279, and demands strict proof.

280.    Denied as phrased.

281.    Defendant Hoehn generally admits the text message by the Plaintiff as alleged in Paragraph 281. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 281, and demands strict proof.

282.    Denied as phrased.

283.    Defendant Hoehn generally admits the text message by the Plaintiff as alleged in Paragraph 283. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 283, and demands strict proof.

284.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 284, although denies that he affected her "physical safety" or "financial safety," and demands strict proof. Defendant Hoehn denies the allegations in the second sentence of Paragraph 284. Defendant Hoehn further denies that he raped the Plaintiff as alleged in the third sentence of Paragraph 284. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 284,

and demands strict proof.

285. Defendant Hoehn admits the Plaintiff sent him a text message on July 1, 2019 as alleged in Paragraph 285. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 285, and demands strict proof.

286. Defendant Hoehn admits that he was at the Tin Roof restaurant as alleged in Paragraph 286. Defendant Hoehn further admits he sent a text message to the Plaintiff which included a photo of a *Miller Lite* beer. Defendant Hoehn denies the remaining allegations in Paragraph 286.

287. Defendant Hoehn admits the contents of the text messages with Plaintiff as alleged in Paragraph 287. Defendant Hoehn either lacks knowledge or denies as phrased the remaining allegations contained in Paragraph 287.

288. Defendant Hoehn admits Plaintiff was late for work on July 2, 2019 as alleged in Paragraph 288. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 288, and demands strict proof.

289. Defendant Hoehn admits Plaintiff was late for work as alleged in Paragraph 289. Defendant Hoehn further admits the content of the text messages with Plaintiff as alleged in Paragraph 289. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 289.

290. Defendant Hoehn admits the content of the text messages with Plaintiff as alleged in Paragraph 290. Defendant Hoehn lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 290, and demands strict proof.

291.   Denied as phrased.

292.   Defendant Hoehn admits the content of the text messages with Plaintiff as alleged in Paragraph 292. Defendant Hoehn denies that he was "heartless, shameless, immature, delusional and depraved" as alleged by a Plaintiff who seems at times to be operating under the same imperfect qualities. Defendant Hoehn either lacks knowledge or denies as phrased the remaining allegations contained in Paragraph 292, and demands strict proof.

293.   Defendant Hoehn admits the content of the text messages with Plaintiff as alleged in the first sentence of Paragraph 293. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 293, and demands strict proof. Defendant Hoehn denies the allegations in the last sentence of Paragraph 293.

294.   Defendant Hoehn admits Plaintiff sent him a text message as alleged in Paragraph 294. Defendant denies as phrased the remaining allegations in Paragraph 294.

295.   Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295, and demands strict proof.

296.   Defendant Hoehn admits that he sent text messages to Plaintiff on July 17, 2019 as alleged in Paragraph 296. Defendant Hoehn denies the gratuitous insult that he was "either delusional or attempting to manipulate" the Plaintiff as alleged in Paragraph 296.

297. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and demands strict proof.

298. Ex.1, p. 49 speaks for itself, and does not require a response from Defendant Hoehn. The remaining allegations are denied.

299. Defendant Hoehn admits the content and substance of the text message sent by Plaintiff as alleged in Paragraph 299. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 299, and demands strict proof.

300. Defendant Hoehn admits the content of the text message to the Plaintiff as alleged in Paragraph 300. Any negative inference of the text message is denied by Defendant Hoehn.

301. Defendant Hoehn admits the content and substance of the text message sent by Plaintiff as alleged in Paragraph 301. Defendant Hoehn denies he "cruelly ignored those messages" or caused "constant fear of additional harassment" as alleged in Paragraph 301. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 301, and demands strict proof.

### E. Rositano's Final Month at FreightWise.

302. Defendant Hoehn admits the content of the text message sent to Plaintiff as alleged in Paragraph 302. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 302.

303. Defendant Hoehn admits the content of the text message sent to Plaintiff as alleged

in Paragraph 303. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 303.

304.    Admitted.

305.    Defendant Hoehn admits the substance of the text message from Plaintiff as alleged in Paragraph 305. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 305.

306.    Defendant Hoehn admits the content of the text messages exchanged with Plaintiff as alleged in Paragraph 306. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 306.

307.    Admitted.

308.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 308, and demands strict proof. Defendant Hoehn admits there was a phone call as alleged in the second sentence of Paragraph 308, but lacks knowledge as to the length of the phone call. During the phone call, Plaintiff spoke about unknown persons "eavesdropping" on her phone calls and otherwise sounding paranoid. Defendant Hoehn denies the remaining allegations contained in Paragraph 308.

309.    Defendant Hoehn generally admits the content of the three text messages from Plaintiff listed in Paragraph 309 of the Complaint. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 309.

310.    Defendant Hoehn generally admits the content of the text messages alleged in Paragraph 310. Defendant Hoehn lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 310, and demands strict proof.

311.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311, and demands strict proof.

312.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312, and demands strict proof.

313.    Defendant Hoehn admits the content of the text message alleged in Paragraph 313. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 313, and demands strict proof.

314.    Admitted.

315.    Defendant Hoehn admits that he texted Plaintiff at approximately 7:42 a.m. as alleged in Paragraph 315. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 315, and demands strict proof.

316.    Defendant Hoehn admits that he sent text messages to Plaintiff on July 30, 2019 generally inquiring about her coming to work as alleged in Paragraph 316. Defendant denies that he "insisted" Plaintiff call him as alleged in Paragraph 316.

317.    Denied as phrased.

318.    Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318, and demands strict proof.

319.    Defendant Hoehn admits the content of the text message alleged in Paragraph 319. Defendant Hoehn denies as phrased the remaining allegations in Paragraph 319.

320. Denied as phrased.

321. Denied as phrased.

322. Admitted.

323. Denied as phrased.

324. Admitted.

325. Admitted.

326. Denied as phrased.

327. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327, and demands strict proof.

328. Denied as phrased.

329. Admitted.

330. Defendant Hoehn admits that Plaintiff arrived to work at approximately 1:00 p.m. on or about August 5, 2019 as alleged in Paragraph 330. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 330, and demands strict proof.

331. Defendant Hoehn denies as phrased the fourth and fifth sentences in Paragraph 331. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 331, and demands strict proof.

332. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332, and demands strict proof.

333. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333, and demands strict proof.

334. Defendant Hoehn admits the first sentence contained in Paragraph 334. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 334, and demands strict proof.

335. Denied as phrased.

336. Defendant Hoehn denies "sexually assaulting [plaintiff]" as alleged in Paragraph 336. Defendant Hoehn denies as phrased the allegations contained in the third sentence of Paragraph 336. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 336, and demands strict proof.

337. Defendant Hoehn admits there was a company party held at Headquarters Beercade in Nashville and that FreightWise employees went on the Redneck bus tour as alleged in Paragraph 337. Defendant Hoehn further admits that he sat beside Plaintiff on the bus tour. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 337, and demands strict proof.

338. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338, and demands strict proof.

339. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, and demands strict proof.

340. Defendant Hoehn admits the content of the text message to Plaintiff at approximately 10:25 a.m. on August 9, 2019 as alleged in Paragraph 340. Defendant Hoehn further admits the remaining allegations in Paragraph 340.

341. Defendant Hoehn admits that Plaintiff sent him a text message at approximately

3:59 p.m. on August 11, 2019 as alleged in Paragraph 341. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining diatribe outlined on behalf of Plaintiff in Paragraph 341, generally denies it, and demands strict proof.

342. Defendant Hoehn admits Plaintiff texted him August 20, 2019 as alleged in Paragraph 342. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342, and demands strict proof.

343. Admitted.

344. Denied as phrased.

345. Defendant Hoehn admits the content of the text messages to Plaintiff as alleged in Paragraph 345. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 345, and demands strict proof.

346. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346, and demands strict proof.

347. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347, and demands strict proof.

348. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348, and demands strict proof.

349. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349, and demands strict proof.

350. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 350, and demands strict proof.

351.     Admitted.

352.     Admitted.

353.     The allegations in this paragraph are directed toward Defendant FreightWise, and do not require a response from Defendant Hoehn. To the extent a response is required, Defendant Hoehn denies the allegations.

354.     Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354, denies that he caused any injury of Plaintiff that would have required "medical treatment," and demands strict proof.

355.     Denied.

356.     Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356, and demands strict proof.

357.     Denied.

358.     Defendant Hoehn denies that he engaged in "sexual harassment" toward the Plaintiff as alleged in Paragraph 358. Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 358, and demands strict proof.

359.     Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359, and demands strict proof.

360.     Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360, and demands strict proof.

361.     Denied as phrased.

362.   Denied.

363.   Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363, and demands strict proof.

364.   Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364, and demands strict proof.

365.   Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365, and demands strict proof.

366.   Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366, and demands strict proof. Defendant Hoehn denies that he is liable to Plaintiff "twenty-six months of her life" as alleged in Paragraph 366.

367.   Denied as phrased.

368.   Defendant Hoehn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368, and demands strict proof. Defendant Hoehn denies that he is responsible or caused Plaintiff to suffer from the maladies listed in Paragraph 368. Defendant Hoehn specifically denies that he committed a "rape" of the Plaintiff as presumably alleged in the paragraph.

## COUNT I – Sexual Battery Against Hoehn, Individually

369.   Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 368 of the Second Amended Complaint.

370.   Denied.

371.   Denied.

372. Denied.

373. Denied.

374. Denied.

375. Admitted.

376. Admitted.

377. Denied.

378. Defendant Hoehn denies that he is liable to Plaintiff for the relief sought, or the amount of compensatory damages, or any other amount, as stated in Paragraph 378.

**COUNT II – False Imprisonment Against Hoehn, Individually**

379. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 378 of the Second Amended Complaint.

380. Denied.

381. Denied.

382. Denied.

383. Denied.

384. Denied.

385. Denied.

386. Denied.

387. Defendant Hoehn denies that he caused or contributed to the maladies listed in Paragraph 387.

388. Defendant Hoehn denies that he caused or contributed to the maladies listed in Paragraph 387.

389.     Defendant Hoehn denies that he is liable to Plaintiff for the damages listed in Paragraph 389.

390.     Defendant Hoehn denies that he is liable to Plaintiff for the relief sought, or the amount of compensatory damages, or any other amount, as stated in Paragraph 390.

## COUNT III – Intentional Infliction of Emotional Distress Against Hoehn, Individually

391.     Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 390 of the Second Amended Complaint.

392.     Denied.

393.     Denied.

394.     Denied.

395.     Denied.

396.     Denied.

397.     Denied.

398.     Denied.

399.     Denied to the extent the allegations are not simply legal conclusions.

400.     Denied to the extent the allegations are not simply legal conclusions.

401.     Denied to the extent the allegations are not simply legal conclusions.

402.     Defendant Hoehn denies that he caused or contributed to the maladies listed in Paragraph 402.

403.     Defendant Hoehn denies that he caused or contributed to the maladies listed in Paragraph 403.

404. Defendant Hoehn denies that he is liable to Plaintiff for the damages listed in Paragraph 404.

405. Defendant Hoehn denies that he is liable to Plaintiff for the relief sought, or the amount of compensatory damages, or any other amount, as stated in Paragraph 405.

**COUNT IV – Vicarious Liability of FreightWise for Counts I, II, III**

406. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 405 of the Complaint.

407. Defendant Hoehn admits he was a member and owner of Defendant FreightWise. Any allegation to the contrary is denied.

408. Denied to the extent these allegations concern Defendant Hoehn, individually.

409. Denied.

410. Denied.

411. Denied to the extent these allegations concern Defendant Hoehn, individually.

412. The allegations appearing in this paragraph are not directed toward Defendant Hoehn, therefore, no response is necessary. To the extent any allegation in this paragraph is directed toward Defendant Hoehn, it is expressly denied.

413. The allegations appearing in this paragraph are not directed toward Defendant Hoehn, therefore, no response is necessary. To the extent any allegation in this paragraph is directed toward Defendant Hoehn, it is expressly denied.

414. The allegations appearing in this paragraph are not directed toward Defendant Hoehn, therefore, no response is necessary. To the extent any allegation in this paragraph is directed toward Defendant Hoehn, it is expressly denied.

415.    The allegations appearing in this paragraph are not directed toward Defendant Hoehn, therefore, no response is necessary. To the extent any allegation in this paragraph is directed toward Defendant Hoehn, it is expressly denied.

416.    The allegations appearing in this paragraph are not directed toward Defendant Hoehn, therefore, no response is necessary. To the extent any allegation in this paragraph is directed toward Defendant Hoehn, it is expressly denied.

417.    The allegations appearing in this paragraph are not directed toward Defendant Hoehn, therefore, no response is necessary. To the extent any allegation in this paragraph is directed toward Defendant Hoehn, it is expressly denied.

418.    The allegations appearing in this paragraph are not directed toward Defendant Hoehn, therefore, no response is necessary. To the extent any allegation in this paragraph is directed toward Defendant Hoehn, it is expressly denied.

419.    The allegations appearing in this paragraph are not directed toward Defendant Hoehn, therefore, no response is necessary. To the extent any allegation in this paragraph is directed toward Defendant Hoehn, it is expressly denied.

**COUNT V – Quid Pro Quo Harassment Against FreightWise under the THRA and Title VII of the Civil Rights Act of 1964**

420.    Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 419 of the Second Amended Complaint.

421-426.    The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

**COUNT VI – Sexual Harassment Against FreightWise under the THRA and Title VII of the Civil Rights Act of 1964**

427. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 426 of the Second Amended Complaint.

428-433. The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

## COUNT VII – Constructive Discharge Against FreightWise under the THRA and Title VII of the Civil Rights Act of 1964

434. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 433 of the Second Amended Complaint.

435-440. The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

## COUNT VIII – Retaliation Against FreightWise under the THRA and Title VII of the Civil Rights Act of 1964

441. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 440 of the Second Amended Complaint.

442-448. The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

## COUNT IX – Hostile Work Environment Against FreightWise under the THRA and Title VII of the Civil Rights Act of 1964

449. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 448 of the Second Amended Complaint.

450-455. The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

## COUNT X – Statutory Wage Violations

{FB392194 / TML 5136 }

43

456. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 455 of the Second Amended Complaint.

457-467. The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

## COUNT XI – Violation of the Fair Labor Standards Act

468. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 467 of the Second Amended Complaint.

469-473. The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

## COUNT XII – Negligent Retention/Supervision Against FreightWise

474. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 473 of the Second Amended Complaint.

475-480. The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

## COUNT XIII – Removal of Punitive Damage Cap Against Hoehn and FreightWise

481. Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 480 of the Second Amended Complaint.

482. The allegation contained in Paragraph 482 is a legal conclusion that does not require a response from Defendant Hoehn. To the extent that it does require a response, Defendant Hoehn denies that he was ever intoxicated under the circumstances contemplated for the statue to apply.

483.    The allegations contained in Paragraph 483 do not apply to Defendant Hoehn, and no response is necessary on his behalf.

484.    It is admitted that Defendant Hoehn had authority to implement and enforce policies and procedures within the company.

485.    Denied as phrased.

486.    The allegations contained in Paragraph 486 do not apply to Defendant Hoehn, and no response is necessary on his behalf.

487.    The allegations contained in Paragraph 487 do not apply to Defendant Hoehn, and no response is necessary on his behalf.

488.    Denied.

489.    Denied.

490.    Denied.

491.    The allegations contained in Paragraph 491 do not apply to Defendant Hoehn, and no response is necessary on his behalf. To the extent that it does require a response, Defendant Hoehn denies that he ever used his position or authority within the company in the nefarious way suggested in Paragraph 491.

492.    Denied.

### COUNT XIV – Breach of Contract against Hoehn and FreightWise

493.    Defendant Hoehn incorporates and repeats its responses to the allegations in Paragraphs 1 through 492 of the Second Amended Complaint.

494-500.    The allegations contained in these numbered paragraphs do not apply to Defendant Hoehn, and no response is necessary on his behalf.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim for which relief can be granted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

2. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff has failed to mitigate or make reasonable efforts to mitigate her alleged damages, and Plaintiff's recovery of damages, if any, must be barred or reduced accordingly.

4. Defendant Hoehn denies that any act or failure to act on his part proximately caused any of the alleged injuries or damages claimed by Plaintiff in her Complaint.

5. Plaintiff's claims are barred in whole or in part because any alleged damages were caused by Plaintiff's own negligence and failure to perform under the rules and regulations of the workplace, including but not limited to tardiness and excessive absences.

6. Plaintiff's claims are barred in whole or in part because Plaintiff breached a policy and/or custom between the parties, including but not limited to tardiness and excessive absences from work.

7. Any alleged adverse employment action taken against the Plaintiff was done in good faith without malice or reckless indifference to Plaintiff's protected rights.

8. Plaintiff's claim for an amount of compensatory damages, if any, against Defendant Hoehn is subject to the caps and other provisions in T.C.A. § 29-39-102.

9. Any claim of the Plaintiff for punitive damages against Defendant Hoehn is subject to

the caps and other provisions in T.C.A. § 29-39-104.

10.    Any affirmative defenses listed by Defendant FreightWise.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Hoehn demands that Plaintiff's Second Amended Complaint be dismissed, that the costs of this cause be assessed against the Plaintiff, and that Defendant Hoehn be awarded reasonable and necessary attorney's fees and expenses pursuant to 42 U.S.C. § 1988.

**Defendant Hoehn demands a jury to try the issues joined in this action.**

**THE LAW OFFICE OF DAVID L. COOPER, PC**

*s/   David L. Cooper*
**DAVID L. COOPER, BPR # 11445**
Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Defendant Richard Hoehn*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and exact copy of the foregoing **Answer of Defendant Richard Hoehn to the Second Amended Complaint** has been delivered by electronic transmission through the Court's CM/ECF system to **Charles Michels, Esq. and Gino Marchetti, Esq.**, Taylor, Pigue, Marchetti & Blair, PLLC, 2908 Poston Avenue, Nashville, TN 37203, and **Charles M. "Chip" Cain, II, Esq.**, Cain Law Firm, 219 Third Avenue North, Franklin, TN 37064, on this **31st** day of **July 2020.**

*s/   David L. Cooper*
**DAVID L. COOPER**

{FB392194 /  TML 5136 }