IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALEXIS ROSITANO,<br>　　　Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:20-cv-00420 |
| FREIGHTWISE, LLC and RICHARD<br>HOEHN, INDIVIDUALLY,<br>　　　Defendants. | ) ) ) ) ) | Judge Waverly D. Crenshw, Jr.<br>Magistrate Judge Barbara D. Holmes |

## DEFENDANT FREIGHTWISE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant FreightWise, LLC ("FW") files this Reply to the Plaintiff's Response in Opposition (D.E. 37) to FW's Motion to Dismiss. Plaintiff argues that FW ignores (i) the LLC Act regarding acts of its members, (ii) vicarious liability under the Restatements of Agency, and (iii) whether Hoehn was acting within his scope of employment. FW does not ignore those. The LLC Act simply does not apply and FW has directly addressed the other two (2) issues.

Plaintiff argues that FW is liable "regardless of whether Hoehn acted in the scope of employment or on behalf of or incidental to FW's business." (D.E. 37 at 5). That might true under the THRA and/or Title VII, but it is not true with respect to tort claims. Plaintiff's cited cases do not stand for the proposition that *respondeat superior* liability under THRA and/or Title VII also grants a separate tort cause of action. (*See* D.E. 37 at 7 – 11). Plaintiff cites, as support for her tort claims, cases that either (i) have only THRA and/or Title VII claims or (ii) involve no employment relationship. (*See id*.). *Sanders v. Lanier*, 968 S.W.2d 787 (Tenn. 1998) is a perfect example, where Plaintiff argues that FW would be liable even if Hoehn was not within his scope of employment. (D.E. 37 at 8). *Sanders* deals exclusively with a THRA claim and does not

1

support Plaintiff's tort claim. *Sanders* at 788 (showing a single claim under the THRA). All of the other cited cases (with one exception out of Illinois) are claims by non-employees.

Plaintiff makes much of the Worker's Compensation Act (the "WC Act") arguments. However, FW's argument is made specifically because Plaintiff fails to recognize that she cannot maintain both (i) a tort claim and (ii) a violation of the THRA and Title VII. The THRA provides "an explicit, statutory remedy for victims of sexual harassment" and the "enactment of THRA legislatively addressed the **lack of a common law remedy** for such an injury." *Donnell v. Kohler Co.*, 2005 U.S. Dist. LEXIS 29816, at *19 (W.D. Tenn. Nov. 10, 2005) (copy attached to Motion to Dismiss) (*citing Anderson v. Save-A-Lot, Ltd.,* 989 S.W.2d 277, 279 – 280 (Tenn. 1999)). The *Anderson* court specifically held that "the THRA is the appropriate avenue of relief for plaintiffs who suffer injuries as a result of sexual harassment." *Anderson* at 280. For this reason, the *Donnell* court stated that recognizing a tort claim for sexual harassment would be "revolutionary" in providing an additional exception to the WC Act. *Donnell* at *17. Plaintiff recognizes this when she states "the THRA was designed to provide **full compensation** to a plaintiff who was a victim of sexual assault . . ." (D.E. 37 at 6) (emphasis added). Accordingly, FW argues for WC Act exclusivity purely to address the Plaintiff's failure to recognize that her tort claims are not the appropriate remedy for sexual harassment. Plaintiff can maintain her THRA and Title VII claims, but not her tort claims against FW. If Plaintiff's tort claims against FW are allowed to go forward, then the WC Act exclusivity provision would apply.

Plaintiff next argues that the Restatements of Agency apply to this case, again conflating THRA and Title VII claims with tort claims. Certainly, the THRA and Title VII rely on agency principles to determine **when** an employer is liable under the THRA and/or Title VII. However, that does not mean that Plaintiff has tort claims in addition to the THRA and/or Title VII claims.

2

As argued above, the THRA and/or Title VII provide *full* remedies for the alleged sexual harassment. FW has not moved to dismiss those statutory claims. Agency principles apply only within the THRA and Title VII analysis, but not as separate causes of action. Accordingly, Plaintiff's arguments on the agency principles are misplaced, particularly when the Plaintiff cites cases where no employment relationship exists. (*Id*. at 8 – 9 – *citing McReynolds v. McReynolds* and *Am. Bankers Life Assur. Co. of Fla. v. Tri City Bank & Tr. Co.*).

Even if Plaintiff's tort claims could be separately maintained, those claims would require Hoehn to have been (i) on FW's business and (ii) acting within the scope of his employment when the acts occurred. *Hamrick v. Spring City Motor Co*., 708 S.W.2d 383, 386 (Tenn. 1986); *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liability Ins. Co*., 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992). Counts I and II allege only *specific physical acts* as the basis for those claims. (2nd Am. Compl., ¶¶ 372, 373, 377, and 380 – 386). Those were not in the ordinary course of FW's business or within Hoehn's scope of employment. Count III also includes those same acts, but then adds other "sexual advances" through text messages. (*Id*., ¶ 392). However, Count IV (the vicarious liability count) only alleges the events of May 21, 2019 as the basis for FW's vicarious liability. (*Id*., ¶ 408). There is no mention of any other acts (whether those acts were physical assaults, text messages, or otherwise) anywhere in Count IV. (*See id*., ¶¶ 409 – 418). Although Plaintiff concludes that Hoehn was acting within his scope of employment, the Court is not required to accept that conclusion. *Mulbarger v. Royal All. Assocs., Inc*., 10 F. App'x 333, 335 (6th Cir. 2001). Here, that conclusion is directly contradicted by Plaintiff's factual allegations. (*See id*., ¶¶ 196 and 201 – 206). As Plaintiff states, her "injury . . . was caused by Hoehn's intentional disregard for Rositano . . . Hoehn's physical act of taking her car keys away from her, preventing her from leaving the parking lot." (*Id*. at 69, fn. 4). Those acts

3

were not within Hoehn's scope of employment, particularly when those acts occurred while Hoehn and Rositano were just "hanging out" (*id.*, ¶ 195), after "Hoehn made it clear he was propositioning Rositano" (*id.*, ¶ 196), and after any conversations regarding work had ended (*id.*, ¶ 201). Therefore, even if the THRA and Title VII are not the exclusive remedies, FW cannot be vicariously liable in tort for acts occurring (i) outside the workplace and (ii) outside of Hoehn's scope of employment. *Hamrick* at 386; *Tennessee Farmers Mut. Ins. Co.* at 937.

Plaintiff then moves on to the LLC Act to save her tort claims. The LLC Act does not apply here. FW can be bound under the LLC Act only if **the acts themselves** were within FW's ordinary business. T.C.A. § 48-249-402(a)(1). If acts themselves were not for the ordinary business of FW, then FW was bound only "if the act was authorized by the other members." T.C.A. § 48-249-402(a)(2). Hoehn's acts were not conducted for FW's business. *See Morristown Heart Consultants, PLLC v. Patel*, 2019 Tenn. App. LEXIS 362, at *18 (Tenn. Ct. App. July 24, 2019) (holding that hiring an attorney is not within the ordinary course of business). If hiring an attorney to draft an agreement for the LLC is not within the ordinary course, then physical acts that have no possible relation to FW's ordinary business certainly do not fall within T.C.A. § 48-249-402(a)(1). There also is no allegation that FW (or its other members) authorized the alleged acts and, therefore, T.C.A. § 48-249-402(a) does not apply.

Regarding the constructive discharge claim, Plaintiff's citations in her Response are unavailing. She cites three (3) cases on Page 17, but those cases did not include a separate claim for constructive discharge. *See EEOC v. Finish Line, Inc.*, 915 F. Supp 2d 904, 909 (M.D. Tenn. 2013); *see also Gustafson v. Genesco, Inc.*, 320 F. Supp. 3d 1032, 1043 (S.D. Iowa 2018); *see also Poweel v. New Horizons Learning Sols. Corp.*, 2018 WL 6571216, at *1 (E.D. Mich. Dec.

13, 2018).  Those cases simply discuss constructive discharge as an *element* of a Title VII claim. They do not stand for the proposition that constructive discharge is a standalone claim.

Regarding the retaliation claim, Plaintiff argues that she made an "outright rejection of sexual advances" on July 25, 2019.  (D.E. 37 at 18).  That was a month before her alleged seeking of medical treatment.  By her own account, she missed multiple days between July 25th and August 20th (*id.* at 20) and that she was retaliated against only for "seeking medical treatment" on August 20th (2nd Am. Compl., ¶¶ 442 and 447).  Hoehn had every right to ask her about attendance on August 20th and "seeking medical treatment" is not protected activity.

Moving to Plaintiff's arguments on negligent retention, Plaintiff cites only one (1) case (*Anicich v. Home Depot*) where the victim was an employee of the defendant and that case is from Illinois.  However, negligent retention tort claims are barred by the WC Act in Tennessee. *Werlein v. Brink's Home Sec., Inc.*, 2005 U.S. Dist. LEXIS 35785, at *27 (M.D. Tenn. Dec. 13, 2005); *Donnell*, 2005 U.S. Dist. LEXIS 29816, at *17; *Nettles v. Hotel Peabody, G.P.*, 2010 U.S. Dist. LEXIS 130731, at *17 (W.D. Tenn. Dec. 8, 2010) (copies attached to Motion to Dismiss). Plaintiff has failed to cite any countervailing authority in Tennessee and the Tennessee cases cited by Plaintiff all relate to third party claims, not claims by employees.  (D.E. 37 at 23).

In short, the Plaintiff has not shown that Counts IV, VII, VIII, X, XII, XIII, or XIV can survive FW's motion to dismiss.

Respectfully submitted,

*/s/  Charles M. Cain, II*
CHARLES M. CAIN, II (TN Bar #25301)
219 Third Avenue North
Franklin, Tennessee 37064
Telephone:  (615) 599-1785
Facsimile:   (615) 724-1848
ccain@cain-law.com
*Attorney for Defendant FreightWise, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2020, a copy of the foregoing ***Reply in Support of Motion to Dismiss Second Amended Complaint*** was served through the Court's electronic filing system and by U.S. Mail First Class, post-prepaid, to the following:

Charles Michels
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
cmichels@tpmblaw.com

David L. Cooper
Law Office of David L. Cooper, P.C.
208 Third Avenue North, Suite 300
Nashville, TN 37201
Dcooper@cooperlawfirm.com

*/s/ Charles M. Cain, II*
CHARLES M. CAIN, II