## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **ALEXIS ROSITANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:20-cv-00420** |
| **v.** | ) | |
| | ) | **Judge Waverly D. Crenshw, Jr.** |
| **FREIGHTWISE, LLC and RICHARD** | ) | |
| **HOEHN, INDIVIDUALLY,** | ) | **Magistrate Judge Barbara D. Holmes** |
| | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

---

## ANSWER OF DEFENDANT FREIGHTWISE, LLC TO
## SECOND AMENDED COMPLAINT

---

Now comes the Defendant, Freightwise, LLC ("FW"), and respectfully submits this Answer to the Second Amended Complaint. Any allegations not specifically admitted or otherwise responded to herein are hereby denied.

### PARTIES

1.      Admitted on information and belief.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      FW does not have sufficient information about Hoehn's ability to be served and, therefore, denies the same.

### JURISDICTION AND VENUE

6.      Admitted.

7.      Admitted.

8.      FW admits that the Plaintiff filed a charge with the EEOC, but does not admit that the Plaintiff is entitled to file this action because the EEOC has not concluded its investigation and has not issued a Notice of Right to Sue.  The Notice of Right to Sue is a prerequisite for filing this lawsuit (at least on the basis of the Title VII claims) and that prerequisite has not been met.

## FACTS

9.      The Plaintiff provided services to FW from December of 2018 until September of 2019, but was not "employed" during that entire time.  The Plaintiff was originally employed by Randstad and assigned to FW by Randstad.  FW negotiated with Randstad to allow Plaintiff to become a direct independent contractor of FW.  She became a full-time employee of FW on April 15, 2019 and her employment ended on September 3, 2019.

10.      FW does not have sufficient information about the Plaintiff's beliefs and, therefore, denies the same.

11.      FW does not have sufficient information about the Plaintiff's beliefs and, therefore, denies the same.

12.      FW denies the allegations of Paragraph 12.  Although the allegation is vague in regard to the "first few months" or what types of comments would be included in the allegation of "numerous sexual comments," FW denies that Hoehn made any sexual comments to Rositano that would constitute sexual harassment or form the basis of this lawsuit.  FW also denies that the Plaintiff rejected any alleged advances.  To the contrary, on information and belief, Rositano pursued Hoehn.

13.     FW does not have sufficient information about the Plaintiff's beliefs and, therefore, denies the same.

14.     FW does not have sufficient information about the Plaintiff's mental condition or illegal drug use and, therefore, denies the same.  Further, FW would state that if the Plaintiff was "self-medicating," she was doing it without the knowledge of FW.

15.     FW does not have sufficient information about the communications between Hoehn and the Plaintiff to form an opinion as to the accuracy of this allegation and, therefore, denies the same.

16.     Denied.

**A.     Hiring and Initial Issues**

17.     FW admits that the Plaintiff is 32 years old.  However, FW does not have sufficient information regarding the Plaintiff's financial condition and, therefore, denies the same.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     FW does not have sufficient information regarding the communications between Hoehn and Rositano on that specific date and, therefore, denies the same.

22.     FW does not have sufficient information regarding the communications between Hoehn and Rositano on that specific date and, therefore, denies the same.

23.     Admitted.

24.     FW denies that it made the decision to hire the Plaintiff as an "employee" between December 21, 2018 and January 10, 2019.  FW did utilize her labor but the Plaintiff was

engaged only as an independent contractor from at or around January 10, 2019 to at or around April 16, 2019.

25.    Admitted.

26.    FW denies the allegations of Paragraph 26.  FW did, in fact, negotiate with Randstad and Randstad agreed to a settlement of the charges. The Plaintiff had no good faith basis for making the allegation contained in Paragraph 26 and, on information and belief, included such allegations for the sole purpose of painting FW in a bad light. Therefore, such allegation should be striken under Federal Rule of Civil Procedure 12(f) because it is scandalous and bears no possible relation to the controversy between the parties[1].

27.    FW admits that it engaged the Plaintiff directly on or about January 11, 2019, but denies the remaining allegations of Paragraph 27.  FW did, in fact, negotiate with Randstad and Randstad agreed to a settlement of charges. The Plaintiff had no good faith basis for making the breach of contract allegation contained in Paragraph 27 and, on information and belief, included such allegations for the sole purpose of painting FW in a bad light. Therefore, such allegation should be striken under Federal Rule of Civil Procedure 12(f) because it is scandalous and bears no possible relation to the controversy between the parties.

28.    FW denies the allegations as stated.  Although the Plaintiff's job while operating as an independent contractor did require her to work on-site with FW's equipment, she had independent authority to perform her work and was on-site only for the time in which the invoices were being presented to FW.

---

[1] Neither the Plaintiff nor her attorney has any standing to raise any rights of Randstad.   On information and belief, neither the Plaintiff nor her attorney had any direct knowledge of the negotiations and agreement between FW and Randstad and including such an allegation in the Complaint was done so in bad faith.  Making such an allegation does not further the Plaintiff's claim in any way.

29.     FW denies that Rositano worked long hours as she claims. FW denies that Rositano had no reporting of the hours worked, as Randstad forced Rositano to report her hours weekly for billing purposes to FW. Overtime was not approved nor requested of Rositano.

30.     Admitted.

31.     Admitted.

32.     FW denies that Rositano was placed in a department with Sowards upon becoming an employee.

33.     FW denies that Rositano was hired to replace Alisa Serebryanaya. Ms Rositano and Ms Serebryanaya had two different roles. The two roles had very different duties and required different experience and education. FW does not have sufficient information to determine the accuracy of the remainder of the allegations in Paragraph 33 and, therefore, denies the same.

34.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 34 and, therefore, denies the same.

35.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 35 and, therefore, denies the same.

36.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 36 and, therefore, denies the same.

37.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 37 and, therefore, denies the same.

38.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 38 and, therefore, denies the same.

39.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 39 and, therefore, denies the same.

40.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 40 and, therefore, denies the same.

41.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 41 and, therefore, denies the same.

42.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 42 and, therefore, denies the same.

43.     Admitted.

44.     Denied.

45.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 45 and, therefore, denies the same.

46.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 46 and, therefore, denies the same.

47.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 47 and, therefore, denies the same.

48.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 48 and, therefore, denies the same.

49.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 49 and, therefore, denies the same.

50.     FW admits that the company held a social gathering at work referred to as "FreightWise Fun Fridays" for all of its employees. FW does not have sufficient information to

determine the accuracy of the remaining allegations in Paragraph 50 and, therefore, denies the same.

51.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 51 and, therefore, denies the same.

52.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 52 and, therefore, denies the same.

53.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 53 and, therefore, denies the same.

54.     Denied.

55.     FW admits the first sentence of Paragraph 55, but denies the remaining allegations in Paragraph 55.

56.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 56 and, therefore, denies the same.

57.     FW does not have sufficient information about the Plaintiff's financial condition and her thoughts regarding advancement, and therefore, denies that allegation. FW denies that the Plaintiff was vulnerable to exploitation or that any exploitation occurred. To the contrary, the Plaintiff pursued, of her own accord, every advantage she could get.

58.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 58 and, therefore, denies the same.

59.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 59 and, therefore, denies the same.

60.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 60 and, therefore, denies the same.

61.     FW does not have sufficient information regarding the Plaintiff's mental health, her attempts to "compensate," her drug tests, her illegal use of Xanax, or her doctor's prescriptions and, therefore, denies the same.

62.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 62 and, therefore, denies the same.

63.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 63 and, therefore, denies the same.

64.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 64 and, therefore, denies the same.

65.     FW admits that it hired Rositano as an employee around April of that year, but denies any allegation that such decision was wrongful.

66.     FW denies that decision to hire Rositano was one made by FW's Human Resources.

67.     FW admits that it did not adopt a formal employee handbook during the period of Rositano's employee.   However, FW denies that its employees were not informed that complaints, particularly those related to sexual harassment, could and should have been brought to FW management.

68.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 68 and, therefore, denies the same.

69.     FW denies that Rositano was not accurately paid and has reconciled entries for said pay. FW denies that Rositano was not provided required documentation of such pay.

70.     FW denies that Rositano was not accurately paid and has reconciled entries for said pay. FW denies that Rositano was not provided required documentation of such pay.  FW

specifically denies that Rositano was not paid for the period of April 17, 2019 through May 15, 2019 and has reconciled entries for that pay.

71.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 71 and, therefore, denies the same.

72.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 72 and, therefore, denies the same.

73.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 73 and, therefore, denies the same.

74.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 74 and, therefore, denies the same.

75.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 75 and, therefore, denies the same.

76.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 76 and, therefore, denies the same.

77.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 77 and, therefore, denies the same.

78.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 78 and, therefore, denies the same.

79.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 79 and, therefore, denies the same.

80.    FW does not have sufficient information to determine to the accuracy of the allegations in Paragraph 80 and, therefore, denies the same.

81.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 81 and, therefore, denies the same.  However, FW denies that Hoehn sexually harassed Rositano or that FW was ever made aware of these allegations prior to Rositano's filing of the EEOC Charge.

82.     FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 82 and, therefore, denies the same.

83.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 83 and, therefore, denies the same.

84.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 84 and, therefore, denies the same.

85.     FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 85 and, therefore, denies the same.

86.     FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 86 and, therefore, denies the same.

87.     FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 87 and, therefore, denies the same.

88.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 88 and, therefore, denies the same.

89.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 89 and, therefore, denies the same.

90.     FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 90 and, therefore, denies the same.

91.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 91 and, therefore, denies the same.

92.     FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 92 and, therefore, denies the same.

93.     FW denies that Rositano attempted to "deescalate Hoehn's romantic interest." To the contrary, on information and belief, Rositano encouraged and sought out a romantic relationship with Hoehn. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 93 and, therefore, denies the same.

94.     FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 94 and, therefore, denies the same.

95.     FW denies that Rositano was not accurately paid or that Rositano was not provided required documentation of such pay. FW specifically denies that Rositano was not paid for the period of April 17, 2019 through May 15, 2019. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 95 and, therefore, denies the same.

96.     FW denies that Rositano brought up pay issues to Kinnard or anyone else in management or Human Resources.

97.     FW denies that it had not paid Rositano as required. FW does not have sufficient information to determine the accuracy of the remaining allegations in Paragraph 97 and, therefore, denies the same.

98.     FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 98 and, therefore, denies the same.

99.     FW admits that Rositano did not mention the alleged loan to Kinnard.  However, FW denies that Rositano ever reported any inappropriate behavior by Hoehn to Kinnard.

100.    Denied as stated.  It is unclear what "problem" is referred to in Paragraph 100. However, FW denies that Rositano ever reported any issues to Kinnard that involved Hoehn.

101.    FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 101 and, therefore, denies the same.

102.    FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 102 and, therefore, denies the same.

103.     FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 103 and, therefore, denies the same.

104.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 104 and, therefore, denies the same.

105.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 105 and, therefore, denies the same.

106.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 106 and, therefore, denies the same.

107.    FW does not have sufficient information to determine the accuracy of the allegations in Paragraph 107 and, therefore, denies the same.

**B.      Acts Directly Preceding Alleged Rape**

108.    FW admits that the Plaintiff is paranoia of anyone talking about her, but FW does not have sufficient information regarding whether such paranoia and anxiety increased.  FW further denies that it did not pay Rositano for any time periods that were required to be paid.

109.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 109 and, therefore, denies the same.

110.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 110 and, therefore, denies the same.

111.    FW admits that Rositano was missing time at work and arriving late, but FW denies that such incidents were caused by Hoehn or FW.   FW does not have sufficient information to form an opinion as to the accuracy of remainder of Paragraph 111 and, therefore, denies the same.

112.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 112 and, therefore, denies the same.

113.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 113 and, therefore, denies the same.

114.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 114 and, therefore, denies the same.

115.    FW would state that Exhibit 1 speaks for itself.   FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 115 and, therefore, denies the same.

116.    FW admits the text messages occurred, but does not have sufficient information regarding the Plaintiff's intent regarding those messages and, therefore, denies any allegation or insinuation that the Plaintiff was attempting to talk to Hoehn about any concerns over the relationship.

117. FW admits the text message occurred, but does not have sufficient information regarding the Plaintiff's anxiety and paranoia and, therefore, denies any allegation or insinuation that the text message caused any problems for the Plaintiff.

118. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 118 and, therefore, denies the same.

119. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 119 and, therefore, denies the same.

120. Admitted.

121. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 121 and, therefore, denies the same.

122. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 122 and, therefore, denies the same.

123. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 121 and, therefore, denies the same.

124. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 124 and, therefore, denies the same.

125. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 125 and, therefore, denies the same.

126. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 126 and, therefore, denies the same.

127. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 127 and, therefore, denies the same.

128. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 128 and, therefore, denies the same.

129. Admitted.

130. FW admits that the text occurred and that Hoehn was on vacation with his wife and children, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 130 and, therefore, denies the same.

131. FW admits that the text occurred and that Plaintiff has exhibited significant paranoia, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 131 and, therefore, denies the same.

132. Admittted.

133. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 133 and, therefore, denies the same.

134. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 134 and, therefore, denies the same.

135. FW admits that the text occurred, but denies that any sexual assault occurred. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 135 and, therefore, denies the same.

136. FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 136 and, therefore, denies the same.

137. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 137 and, therefore, denies the same.

138. Admitted.

139. Admitted.

140. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 140 and, therefore, denies the same.

141. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 141 and, therefore, denies the same.

142. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 142 and, therefore, denies the same.

143. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 143 and, therefore, denies the same.

144. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 144 and, therefore, denies the same.

145. FW does not have sufficient information about the Plaintiff's state of mind to form an opinion regarding her "downward spiral" or alleged suffering and, therefore, denies the same. FW denies that the Plaintiff had stopped talking to Hoehn about personal things, as

evidenced by the text messages and further allegations in the Complaint. The Plaintiff clearly had not stopped talking to Hoehn about all kinds of "personal things." FW further denies that any alleged "kiss" breached any trust because the Plaintiff was an active and willing participant in the physical activity. FW denies that the Plaintiff was not interested in Hoehn.

146. FW admits that the text occurred, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 146 and, therefore, denies the same.

147. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 147 and, therefore, denies the same.

148. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 148 and, therefore, denies the same.

149. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 149 and, therefore, denies the same.

150. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 150 and, therefore, denies the same.

151. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 151 and, therefore, denies the same.

152.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 152 and, therefore, denies the same.

153.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 153 and, therefore, denies the same.

154.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 154 and, therefore, denies the same.

155.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 155 and, therefore, denies the same.

156.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 156 and, therefore, denies the same.

157.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 157 and, therefore, denies the same.

158.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 158 and, therefore, denies the same.

159.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 159 and, therefore, denies the same.

160.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 160 and, therefore, denies the same.

161.    Admitted.

162.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 162 and, therefore, denies the same.

163.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 163 and, therefore, denies the same.

164.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 164 and, therefore, denies the same.

165.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 165 and, therefore, denies the same.

166.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 166 and, therefore, denies the same.

167. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 167 and, therefore, denies the same.

168. Admitted.

169. Admitted.

170. Admitted.

171. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 171 and, therefore, denies the same.

172. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 172 and, therefore, denies the same.

173. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 173 and, therefore, denies the same.

174. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 174 and, therefore, denies the same.

175. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 175 and, therefore, denies the same.

176. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 176 and, therefore, denies the same.

177.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 177 and, therefore, denies the same.

178.     FW admits that the text occurred and that Christopher Cochran is the CEO of FW, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 178 and, therefore, denies the same.

179.     FW would state that Exhibit 1 speaks for itself.  FW admits that Chris Cochran spoke to both Rositano and Sowards regarding discord in the invoicing department and explained that such discord would be dealt with.  However, FW denies that Cochran's involvement in attempting resolve issues between Rositano and Sowards suggests that Cochran was aware of any of the alleged issues between Rositano and Hoehn.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 179 and, therefore, denies the same.

180.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 180 and, therefore, denies the same.

181.     Admitted.

182.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 182 and, therefore, denies the same.

183.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 183 and, therefore, denies the same.

184.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 184 and, therefore, denies the same.

185.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 185 and, therefore, denies the same.

186.     Admitted.

187.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 187 and, therefore, denies the same.

188.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 188 and, therefore, denies the same.

189.     FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 189 and, therefore, denies the same.

### C.     **The Alleged Rape**

190.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 190 and, therefore, denies the same.

191.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 191 and, therefore, denies the same.

192.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 192 and, therefore, denies the same.

193.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 193 and, therefore, denies the same.

194.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 194 and, therefore, denies the same.

195.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 195 and, therefore, denies the same.

196.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 196 and, therefore, denies the same.

197.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 197 and, therefore, denies the same.

198.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 198 and, therefore, denies the same.

199.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 199 and, therefore, denies the same.

200.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 200 and, therefore, denies the same.

201.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 201 and, therefore, denies the same.

202.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 202 and, therefore, denies the same.

203.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 203 and, therefore, denies the same.

204.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 204 and, therefore, denies the same.

205.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 205 and, therefore, denies the same.

206.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 206 and, therefore, denies the same.

207.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 207 and, therefore, denies the same.

208.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 208 and, therefore, denies the same.

209.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 209 and, therefore, denies the same.

210.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 210 and, therefore, denies the same.

211.    Admitted.

212.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 212 and, therefore, denies the same.

213.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 213 and, therefore, denies the same.

**D.    The Alleged Aftermath**

214.    FW would state that Exhibit 1 speaks for itself.  FW admits that Rositano was late for work that day, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 214 and, therefore, denies the same.

215. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 215 and, therefore, denies the same.

216. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 216 and, therefore, denies the same.

217. FW would state that Exhibit 1 speaks for itself. FW admits that Cochran is FW's CEO. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 217 and, therefore, denies the same.

218. FW admits that Rositano was late for work that day, but FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 218 and, therefore, denies the same.

219. FW would state that Exhibit 1 speaks for itself. FW admits that Rositano was late for work that day.

220. FW would state that Exhibit 1 speaks for itself. FW admits that Rositano was late for work that day.

221. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 221 and, therefore, denies the same.

222. FW would state that Exhibit 1 speaks for itself. FW admits that Rositano was late for work that day, but does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 222 and, therefore, denies the same.

223.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 223 and, therefore, denies the same.

224.    Admitted.

225.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 225 and, therefore, denies the same.

226.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 226 and, therefore, denies the same.

227.    FW would state that Exhibit 1 speaks for itself.  FW denies that it failed to properly pay Rositano or provide required tax documents.  FW also denies that Rositano was "clearly not a contractor" for a period of time.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 227 and, therefore, denies the same.

228.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 228 and, therefore, denies the same.

229.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 229 and, therefore, denies the same.

230.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 230 and, therefore, denies the same.

231.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 231 and, therefore, denies the same.

232.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 232 and, therefore, denies the same.

233.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 233 and, therefore, denies the same.

234.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 234 and, therefore, denies the same.

235.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 235 and, therefore, denies the same.

236.    FW denies that Rositano was given a promotion, as Rositano has phrased it in Paragraph 236.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 236 and, therefore, denies the same.

237.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 237 and, therefore, denies the same.

238.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 238 and, therefore, denies the same.

239.    FW admits that Kinnard informed Rositano that Rositano was being interviewed.

240.    FW admits that Rositano was informed about applicants for its accounting position. After Rositano's interview, is was apparent to Cochran and Kinnard that Rositano did not have the proper accounting knowledge to be successful in the accountant role. FW denies that Hoehn was in the interview. FW denies that Rositano was ever given that position or that she was notified by FW that she would be getting that position.

241.    FW admits that Rositano was not given the accounts receivable position and that she received no pay raise.  FW also admits that Rositano was assigned tasks related to purchasing snacks and drinks for the office. FW admits that Hoehn had a bonsai plant named Rupert. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 241 and, therefore, denies the same.

242.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 242 and, therefore, denies the same.

243.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 243 and, therefore, denies the same.

244.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 244 and, therefore, denies the same.

245.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 245 and, therefore, denies the same.

246.    FW would state that Exhibit 1 speaks for itself.  FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 246 and, therefore, denies the same.

247. Admitted.

248. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 248 and, therefore, denies the same.

249. FW would state that Exhibit 1 speaks for itself. FW further admits that Rositano was late to work that day. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 249 and, therefore, denies the same.

250. FW would state that Exhibit 1 speaks for itself. FW does not have sufficient information to form an opinion as regarding the alleged promise to buy an Apple Watch or laptop. FW denies that Hoehn had approval or authority from the company to promise the gift. However, FW admits that Rositano viewed any such promise as a "personal gift" from Hoehn and not a promise or obligation of FW. FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 250 and, therefore, denies the same.

251. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 251 and, therefore, denies the same.

252. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 252 and, therefore, denies the same.

253. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 253 and, therefore, denies the same.

254.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 254 and, therefore, denies the same.

255.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 255 and, therefore, denies the same.

256.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 256 and, therefore, denies the same.

257.     FW would state that Exhibit 1 speaks for itself.  FW further admits that Rositano was late to work that day.  However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 249 and, therefore, denies the same.

258.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 258 and, therefore, denies the same.

259.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 259 and, therefore, denies the same.

260.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 260 and, therefore, denies the same.

261.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 261 and, therefore, denies the same.

262.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 262 and, therefore, denies the same.

263.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 263 and, therefore, denies the same.

264.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 264 and, therefore, denies the same.

265.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 265 and, therefore, denies the same.

266.     FW admits Rositano did not come to work that morning. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 266 and, therefore, denies the same.

267.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 267 and, therefore, denies the same.

268.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 268 and, therefore, denies the same.

269.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 269 and, therefore, denies the same.

270. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 270 and, therefore, denies the same.

271. Admitted.

272. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 272 and, therefore, denies the same.

273. Admitted.

274. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 274 and, therefore, denies the same.

275. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 275 and, therefore, denies the same.

276. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 276 and, therefore, denies the same.

277. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 277 and, therefore, denies the same.

278. FW admits that Rositano was late for work that day. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 278 and, therefore, denies the same.

279.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 279 and, therefore, denies the same.

280.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 280 and, therefore, denies the same.

281.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 281 and, therefore, denies the same.

282.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 282 and, therefore, denies the same.

283.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 283 and, therefore, denies the same.

284.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 284 and, therefore, denies the same.

285.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 285 and, therefore, denies the same.

286.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 286 and, therefore, denies the same.

287.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 287 and, therefore, denies the same.

288.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 288 and, therefore, denies the same.

289.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 289 and, therefore, denies the same.

290.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 290 and, therefore, denies the same.

291.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 291 and, therefore, denies the same.

292.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 292 and, therefore, denies the same.

293.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 293 and, therefore, denies the same.

294. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 294 and, therefore, denies the same.

295. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 295 and, therefore, denies the same.

296. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 296 and, therefore, denies the same.

297. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 297 and, therefore, denies the same.

298. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 298 and, therefore, denies the same.

299. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 299 and, therefore, denies the same.

300. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 300 and, therefore, denies the same.

301. FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 301 and, therefore, denies the same.

E. **Rositano's Final Month at FreightWise**

302.    FW admits that Rositano called Cochran.  FW would further state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 302 and, therefore, denies the same.

303.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 303 and, therefore, denies the same.

304.    Admitted.

305.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 305 and, therefore, denies the same.

306.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 306 and, therefore, denies the same.

307.    Admitted.

308.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 308 and, therefore, denies the same.

309.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 309 and, therefore, denies the same.

310.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 310 and, therefore, denies the same.

311.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 311 and, therefore, denies the same.

312.     FW would state that Exhibit 1 speaks for itself.  FW admits that Rositano did not come to work that day.  However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 312 and, therefore, denies the same.

313.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 312 and, therefore, denies the same.

314.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 314 and, therefore, denies the same.

315.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 315 and, therefore, denies the same.

316.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 316 and, therefore, denies the same.

317.     FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 317 and, therefore, denies the same.

318.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 318 and, therefore, denies the same.

319.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 319 and, therefore, denies the same.

320.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 320 and, therefore, denies the same.

321.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 321 and, therefore, denies the same.

322.    Admitted.

323.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 323 and, therefore, denies the same.

324.    Admitted.

325.    Admitted.

326.    FW would state that Exhibit 1 speaks for itself.  FW admits that it conducted an event in which it announced employee bonuses and generally celebrated FW's successes. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 326 and, therefore, denies the same.

327.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 327 and, therefore, denies the same.

328.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 328 and, therefore, denies the same.

329.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 329 and, therefore, denies the same.

330.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 330 and, therefore, denies the same.

331.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 331 and, therefore, denies the same.

332.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 332 and, therefore, denies the same.

333.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 333 and, therefore, denies the same.

334.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 334 and, therefore, denies the same.

335.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 335 and, therefore, denies the same.

336.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 336 and, therefore, denies the same.

337.    FW admits that it held an event at Headquarters Beercade that was preceded by a Redneck bus tour and that family members of FW employees were invited to attend.  However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 336 and, therefore, denies the same.

338.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 338 and, therefore, denies the same.

339.    FW denies the allegations in Paragraph 339.

340.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 340 and, therefore, denies the same.

341.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 341 and, therefore, denies the same.

342.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 342 and, therefore, denies the same.

343.    Admitted.

344.    Denied as phrased.

345.    FW would state that Exhibit 1 speaks for itself. However, FW does not have sufficient information to form an opinion as to the accuracy of the remainder of Paragraph 345 and, therefore, denies the same.

346.    FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 346 and, therefore, denies the same.

347.    FW admit that Julie Kinnard spoke with Dr. Thompson's assistant at some point, but on information and belief, that conversation did not occur on the day alleged in Paragraph 347 and denies the same. FW further admits that it voluntarily allowed Rositano time off until August 30, 2019, but, to the extent Paragraph 347 suggests that Rositano was entitled to a leave of absence, FW denies that Rositano was so entitled.

348.    FW does not have sufficient information to form an opinion as to the accuracy of the allegation regarding "Camille."  FW admits that a "Camille" worked for FW, but Camille no longer works for FW and FW has no direct knowledge regarding what, or if, Camille discussed with anyone from Dr. Thompson's office.  FW admits that Julie Kinnard spoke to a person identified as Dr. Thompson's assistant at some point, but denies that FW (through Camille, Kinnard, or otherwise) was informed before the afternoon of September 3, 2019 that Rositano was requesting a leave of absence that would extend beyond August 30, 2019.

349.    FW admits that Kinnard spoke with Dr. Thompson's assistant at some point, but on information and belief, that conversation was not the day alleged in Paragraph 349 and denies the same.  FW further denies that Rositano was enrolled in any short-term disability plan through her employment with FW.  FW admits that Kinnard spoke with Hoehn about her conversation with Dr. Thompson's assistant.

350.     FW denies that it receive any letter from Dr. Thompson (or regarding Rositano seeing Dr. Thompson) on August 30, 2019.  FW received a letter on or about August 26th indicating that Rositano needed time off through August 30, 2019.  However, no follow-up letter was received by FW until after Rositano's employment ended.

351.     FW admits that Hoehn, as Rositano's direct supervisor, signed the letter indicating that FW viewed Rositano's failure to show up for work without calling in as "job abandonment" and that the letter was sent by certified mail to Rositano.  However, FW denies that Hoehn made that decision.

352.     The letter speaks for itself.  However, to the extent Paragraph 352 suggests that Hoehn made the decision, FW denies such suggestion.

353.     FW denies that it had any specific knowledge of Rositano's alleged medical problems and/or substance abuse.  FW further denies that it was aware, prior to Rositano's termination, that Rositano's doctor had given her a note excusing her from work for any date after August 30, 2019.  FW further denies that Rositano was entitled to any leave.  FW admits that Rositano was enrolled in a long-term disability plan offered as an employee benefit through FW, but denies that FW informed anyone that Rositano was eligible for any short-term disability benefits.  FW denies that FW owed Rositano any Americans with Disabilities Act ("ADA") benefits or accommodations based on the information provided to FW.

354.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 354 and, therefore, denies the same.

355.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 355 and, therefore, denies the same.

356.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 356 and, therefore, denies the same.

357.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 357 and, therefore, denies the same.

358.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 358 and, therefore, denies the same.

359.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 359 and, therefore, denies the same.

360.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 360 and, therefore, denies the same.

361.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 361 and, therefore, denies the same.

362.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 362 and, therefore, denies the same.

363.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 363 and, therefore, denies the same.

364.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 364 and, therefore, denies the same.

365.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 365 and, therefore, denies the same.

366.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 366 and, therefore, denies the same.

367.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 367 and, therefore, denies the same.

368.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 368 and, therefore, denies the same.

## COUNT I – Sexual Battery Against Hoehn, Individually

369.     FW incorporates by reference their responses contained in Paragraphs 1 – 368 of this Answer as though fully set forth herein.

370.     Denied.

371.     Denied.

372.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 372 and, therefore, denies the same.

373.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 373 and, therefore, denies the same.

374.     Denied.

375.     Admitted.

376.     Admitted.

377.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 377 and, therefore, denies the same.

378.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 378 and, therefore, denies the same.

## COUNT II –  False Imprisonment Against Hoehn, Individually

379.     FW incorporates by reference their responses contained in Paragraphs 1 – 378 of this Answer as though fully set forth herein.

380.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 380 and, therefore, denies the same.

381.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 381 and, therefore, denies the same.

382.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 382 and, therefore, denies the same.

383.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 383 and, therefore, denies the same.

384.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 384 and, therefore, denies the same.

385.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 385 and, therefore, denies the same.

386.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 386 and, therefore, denies the same.

387.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 387 and, therefore, denies the same.

388.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 388 and, therefore, denies the same.

389.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 389 and, therefore, denies the same.

390.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 390 and, therefore, denies the same.

**<u>COUNT III – Intentional Infliction of Emotional Distress Against Hoehn, Individually</u>**

391.     FW incorporates by reference their responses contained in Paragraphs 1 – 390 of this Answer as though fully set forth herein.

392.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 392 and, therefore, denies the same.

393.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 393 and, therefore, denies the same.

394.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 394 and, therefore, denies the same.

395.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 395 and, therefore, denies the same.

396.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 396 and, therefore, denies the same.

397.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 397 and, therefore, denies the same.

398.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 398 and, therefore, denies the same.

399.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 399 and, therefore, denies the same.

400.     FW does not have sufficient information to form an opinion as to the accuracy of the Paragraph 400 and, therefore, denies the same.

401.     FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 401 and, therefore, denies the same.

402. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 402 and, therefore, denies the same.

403. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 403 and, therefore, denies the same.

404. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 404 and, therefore, denies the same.

405. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 405 and, therefore, denies the same.

## COUNT IV – Vicarious Liability of FreightWise for Counts I, II, III

406. FW incorporates by reference their responses contained in Paragraphs 1 – 405 of this Answer as though fully set forth herein.

407. FW admits that Hoehn had, and still has, a membership interest in FW. FW denies any further suggestion or allegation in Paragraph 407.

408. FW admits that Hoehn was a member, manager, and supervisor of FW and that he had limited check-writing authority only as a backup signer of checks. FW denies that Hoehn used those positions to "lure" Rositano to dinner.

409. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 409 and, therefore, denies the same.

410. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 410 and, therefore, denies the same.

411. Denied.

412. Denied.

413. Denied.

414. Denied.

415. Denied.

416. Denied.

417. Paragraph 417 appears to allege a legal conclusion, for which no response is required. To the extent a response is required of FW, FW denies the allegations as stated.

418. Paragraph 418 appears to allege a legal conclusion, for which no response is required. To the extent a response is required of FW, FW denies the allegations as stated.

419. Denied.

**COUNT V – Quid Pro Quo Harassment Against Hoehn and FreightWise under the THRA and Title VII of the Civil Rights Act of 1964**

420. FW incorporates by reference their responses contained in Paragraphs 1 – 419 of this Answer as though fully set forth herein.

421. Admitted.

422. Denied.

423. FW denies that such actions occurred.

424. Denied.

425. Denied.

426. Denied.

**COUNT VI – Sexual Harassment Against Hoehn and FreightWise under the THRA and Title VII of the Civil Rights Act of 1964**

427. FW incorporates by reference their responses contained in Paragraphs 1 – 426 of this Answer as though fully set forth herein.

428. Admitted.

429. Denied.

430. FW denies that such actions occurred.

431. FW denies that such actions occurred or that the actions that did occur constitute sexual harassment.

432. Denied.

433. Denied.

**COUNT VII – Constructive Discharge Against FreightWise under the THRA and Title VII of the Civil Rights Act of 1964**

434. FW incorporates by reference their responses contained in Paragraphs 1 – 433 of this Answer as though fully set forth herein.

435. Count VII has been dismissed and, as a result, no response to Paragraphs 435 – 440 is required. To the extent any response is required, the allegations in those paragraphs are denied.

**COUNT VIII – Retaliation Against Hoehn and Freightwise under the THRA and Title VII of the Civil Rights Act of 1964**

441. FW incorporates by reference their responses contained in Paragraphs 1 – 440 of this Answer as though fully set forth herein.

442. FW denies that Rositano engaged in any protected activity.

443. FW would state that Exhibit 1 speaks for itself. However, FW denies that such text message was referencing any alleged sexual harassment or that Rositano was attempting to complain about sexual harassment.

444.   FW would state that Exhibit 1 speaks for itself.  However, FW denies Paragraph 44 to the extent it alleges that Rositano was attempting to complain about sexual harassment or engaging in protected activity.

445.   Denied.

446.   The first sentence of Paragraph 446 is a legal conclusion to which no response is necessary.  However, FW denies that Rositano engaged in protected activity or complained about sexual harassment.

447.   Denied.

448.   Denied.

## COUNT IX – Hostile Work Environment Against FreightWise under the THRA and Title VII of the Civil Rights Act of 1964

449.   FW incorporates by reference their responses contained in Paragraphs 1 – 448 of this Answer as though fully set forth herein.

450.   Denied.

451.   Denied.

452.   Denied.

453.   Denied.

454.   FW denies that it was aware of any harassment or that any corrective action was necessary.

455.   Denied.

## COUNT X – Statutory Wage Violations

456.   FW incorporates by reference their responses contained in Paragraphs 1 – 455 of this Answer as though fully set forth herein.

457.     Rositano's statutory claim in Count X was dismissed and, therefore, no response is necessary to Paragraph 457.  To the extent Rositano makes a common law claim in Paragraph 457, FW denied that Rositano is entitled to any such relief or that FW violated any such law.

458.     Rositano's statutory claim in Count X was dismissed and, therefore, no response is necessary to Paragraph 458.  To the extent Rositano makes a common law claim in Paragraph 458, FW denied that Rositano is entitled to any such relief or that FW violated any such law.

459.     FW admits that Rositano was entitled to be paid for the time she worked, but denies that Rositano was not properly paid.

460.     Denied.

461.     FW admits that Rositano was an independent contractor for those general time periods, but denies that such agreement was wrongful.

462.     Admitted.

463.     Denied as stated.

464.     Admitted.

465.     Denied.

466.     Denied.

467.     Denied.

## COUNT XI – Violation of the Fair Labor Standards Act

468.     FW incorporates by reference their responses contained in Paragraphs 1 – 467 of this Answer as though fully set forth herein.

469.     Paragraph 469 is a legal conclusion to which no response is necessary.  However, to the extent a response is required, FW denies that Rositano was not properly paid.

470.     Denied.

471. Denied.

472. FW admits that Rositano generally did not get paid overtime and that she was an independent contractor for part of the period she was affiliated with FW. FW denies that Rositano was not paid properly.

473. Denied.

### COUNT XII – Negligent Retention/Supervision Against FreightWise

474. FW incorporates by reference their responses contained in Paragraphs 1 – 473 of this Answer as though fully set forth herein.

475. FW admits that, under certain limited circumstances, Hoehn could have been removed as a member of FW.

476. Denied.

477. Denied.

478. Denied.

479. Denied.

480. Denied.

### COUNT XIII – Removal of Punitive Damage Caps Against Hoehn and FreightWise

481. FW incorporates by reference their responses contained in Paragraphs 1 – 480 of this Answer as though fully set forth herein.

482. Count XIII was dismissed by the Court and, therefore, no response is necessary to Paragraphs 482 – 492. However, to the extent any response is required, FW denies the allegations in those Paragraphs.

## COUNT XIV – Breach of Contract against Hoehn and FreightWise

493. FW incorporates by reference their responses contained in Paragraphs 1 – 492 of this Answer as though fully set forth herein.

494. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 494 and, therefore, denies the same.

495. FW does not have sufficient information to form an opinion as to the accuracy of Paragraph 495 and, therefore, denies the same.

496. Although Hoehn had some limited authority, FW denies that Hoehn utilitized any actual or apparent authority to bind FW into the alleged contract or that Rositano was led to believe, or did believe, that FW was contracting with her.

497. FW denies that any contract between FW and Rositano existed regarding an Apple Watch.

498. FW denies that Rositano was entitled to an Apple Watch or MacBook from FW.

499. Admitted.

500. Denied.


## PRAYER FOR RELIEF

FW denies that the Plaintiff is entitled to any relief and respectfully prays that this Honorable Court deny the Plaintiff's prayer for relief in its entirety.


Having fully answered the Complaint, FW further submits its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim to which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

FW asserts the defense of "after-acquired evidence" as a bar to Plaintiff's damages. Specifically, the Plaintiff has admitted in her Complaint that she engaged in illegal drug use on the job. Further, in the event FW discovers or otherwise learns of additional evidence to which the "after-acquired" evidence doctrine applies, Plaintiff shall be barred or limited from recovery or remedy from that point forward pursuant to such doctrine.

## THIRD AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by the Plaintiff was not caused, in whole or in part, by FW. Specifically, much of the damage (if any) sustained by the Plaintiff existed before the events complained of in the Complaint. Further, others, including but not limited to the Hoehn, the Plaintiff's parents, and the Plaintiff's brother, contributed to, or caused in total, the alleged damages. Finally, acts, events, or circumstances, including but not limited to the Plaintiff's monetary issues, the Dayton, Ohio shooting, the bus accident, and the Plaintiff's dog issues, contributed to, or caused in total, the alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff has suffered no harm, irreparable or otherwise, and because the Plaintiff cannot establish any damages, at least any damages that were not existing before the alleged events.

## FIFTH AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by the Plaintiff, if any, is a direct and proximate result (in full or in part) of her own intentional and/or negligent conduct or actions. Specifically, on information and belief, the Plaintiff (i) willfully engaged in a romantic relationship with Hoehn, (ii) willfully engaged in illegal activity (such as "self-medicating" with Xanax without a prescription), (iii) willfully engaged in actions and activities (alone or with others) that are unrelated to FW or Plaintiff's work for FW, (iv) willfully failed to perform her job duties, and/or (v) willfully failed to return to work after leave was granted, all of which caused the damages she now complains of in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, or subject to reduction, because the Plaintiff has failed, or in the future fails, to satisfy her duty to mitigate damages. Specifically, the Plaintiff has admitted that she has not taken jobs available to her because of her own preferences and has failed to take other actions to avoid the alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's breach of contract is barred because the Plaintiff waived performance by the Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's retaliation claim is barred because the Plaintiff did not engage in statutorily protected activity.

## NINTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff could receive any damages from FW, the Plaintiff's damages should be offset by any earnings, benefits, or other compensation for employment (or loss of employment, such as unemployment benefits) received by the Plaintiff since the date her employment ended with FW.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to punitive damages against FW because FW did not engage in any intentional act or act with malice or with reckless indifference to the Plaintiff's rights. Any employment action taken against the Plaintiff was taken in good faith and without the requisite malice or recklessly necessary to award punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any award because, even if any physical contact or sexual relationship occurred between Hoehn and the Plaintiff, such alleged contact was not unwelcome.

## TWELWTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any award because the alleged sexual harassment that may have occurred in FW's offices and/or in connection with her employment was not sufficiently severe or pervasive to create a hostile or abusive work environment.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because FW used reasonable measures to prevent sexual harassment and the Plaintiff did not reasonably avail herself of the preventive or corrective opportunities provided by FW to avoid the alleged harm by Hoehn.

## FOURTEETH AFFIRMATIVE DEFENSE

The Plaintiff's claims against FW are barred because FW did not fail to take immediate and appropriate action after learning of the alleged sexual harassment.

## FIFTEETH AFFIRMATIVE DEFENSE

The Plaintiff's claims against FW are barred because, if FW did in fact terminate or constructively terminate the Plaintiff, such alleged termination was not based on discrimination or retaliation but rather upon the Plaintiff's own violations of company policies regarding attendance and the reporting of absences.  Further, Plaintiff was not entitled to any medical leave and, as a result, would have been terminated because of her failure to show up for work.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims under Title VII are barred because the Plaintiff failed to exhaust all administrative remedies before filing this lawsuit.  In addition, Count X (to the extent not barred by other defenses) is barred because the Plaintiff failed to exhaust all administrative remedies.

Respectfully submitted,

*/s/ Charles M. Cain, II*
CHARLES M. CAIN, II (TN Bar #25301)
219 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 599-1785
Facsimile: (615) 724-1848
ccain@cain-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2021, a copy of the foregoing ***Answer*** was served through the Court's electronic filing system and by U.S. Mail First Class, post-prepaid, to the following:

David Cooper, Esq.
Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201

Charles Michels, Esq.
Gino Marchetti, Esq.
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Ave.
Nashville, TN 37203

*/s/ Charles M. Cain, II*
CHARLES M. CAIN, II